UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HECTOR OROZCO, | No. 2:19-cv-2296 KJM DB P |
| Petitioner, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| WILLIAM SULLIVAN,[1] | |
| Respondent. | |

Petitioner is a state prisoner proceeding pro se and in forma pauperis with a petition for a writ of habeas corpus under 28 U.S.C. § 2254. Petitioner challenges a disciplinary conviction that resulted in a loss of 180 days of custody credits. For the reasons set forth below, this court will recommend the petition be denied.

**BACKGROUND**

In September 2007, petitioner was convicted of carjacking, eluding a pursuing officer, and possessing a firearm as a felon. (ECF No. 19-1.) Petitioner was sentenced to a determinate term of 34 years, 4 months. (Id.) He is currently incarcerated at the California Correctional Institution.

---

[1] After he filed his habeas petition, petitioner was transferred to the California Correctional Institution ("CCI"). Accordingly, CCI warden William Sullivan is substituted for the prior respondent, Joseph Covello, the warden of Mule Creek State Prison. See Rule 2(a), Rules Gov'ing § 2254 Cases; Brittingham v. United States, 982 F.2d 378, 379 (9th Cir. 1992).

1

In March 2018, petitioner was convicted of a prison disciplinary violation for possession of a controlled substance for the purpose of distribution. (ECF No. 1 at 56-64.) That conviction resulted in a loss of 180 days of custody credits. Petitioner sought habeas corpus relief from this conviction and sentence in the Amador County Superior Court, California Court of Appeal, and California Supreme Court. (See ECF Nos. 19-2, 19-3, 19-4, and 19-6.) On November 8, 2019, he filed the present federal habeas corpus petition. In each petition, petitioner has alleged that the prison disciplinary conviction is not supported by sufficient evidence, in violation of his due process rights.

Respondent filed an answer and copies of filings from the state habeas proceedings. (ECF. No. 19.) Petitioner filed a reply. (ECF No. 20.)

**STANDARDS OF REVIEW APPLICABLE TO HABEAS CORPUS CLAIMS**

An application for a writ of habeas corpus by a person in custody under a judgment of a state court can be granted only for violations of the Constitution or laws of the United States. 28 U.S.C. § 2254(a). A federal writ is not available for alleged error in the interpretation or application of state law. See Wilson v. Corcoran, 562 U.S. 1, 5 (2010); Estelle v. McGuire, 502 U.S. 62, 67-68 (1991); Park v. California, 202 F.3d 1146, 1149 (9th Cir. 2000).

Title 28 U.S.C. § 2254(d) sets forth the following standards for granting federal habeas corpus relief:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

For purposes of applying § 2254(d)(1), "clearly established federal law" consists of holdings of the United States Supreme Court at the time of the last reasoned state court decision. Greene v. Fisher, 565 U.S. 34, 37 (2011); Stanley v. Cullen, 633 F.3d 852, 859 (9th Cir. 2011)

2

1  (citing Williams v. Taylor, 529 U.S. 362, 405-06 (2000)).  Circuit court precedent "'may be
2  persuasive in determining what law is clearly established and whether a state court applied that
3  law unreasonably.'"  Stanley, 633 F.3d at 859 (quoting Maxwell v. Roe, 606 F.3d 561, 567 (9th
4  Cir. 2010)).  However, circuit precedent may not be "used to refine or sharpen a general principle
5  of Supreme Court jurisprudence into a specific legal rule that th[e] [Supreme] Court has not
6  announced."  Marshall v. Rodgers, 569 U.S. 58, 64 (2013) (citing Parker v. Matthews, 567 U.S.
7  37 (2012)).  Nor may it be used to "determine whether a particular rule of law is so widely
8  accepted among the Federal Circuits that it would, if presented to th[e] [Supreme] Court, be
9  accepted as correct."  Id. at 1451.  Further, where courts of appeals have diverged in their
10 treatment of an issue, it cannot be said that there is "clearly established Federal law" governing
11 that issue.  Carey v. Musladin, 549 U.S. 70, 76-77 (2006).

12   A state court decision is "contrary to" clearly established federal law if it applies a rule
13 contradicting a holding of the Supreme Court or reaches a result different from Supreme Court
14 precedent on "materially indistinguishable" facts.  Price v. Vincent, 538 U.S. 634, 640 (2003)
15 (quoting Williams, 529 U.S. at 405-06).  "Under the 'unreasonable application' clause of §
16 2254(d)(1), a federal habeas court may grant the writ if the state court identifies the correct
17 governing legal principle from th[e] [Supreme] Court's decisions, but unreasonably applies that
18 principle to the facts of the prisoner's case.'"  Lockyer v. Andrade, 538 U.S. 63, 75 (2003)
19 (quoting Williams, 529 U.S. at 413); Chia v. Cambra, 360 F.3d 997, 1002 (9th Cir. 2004).  "[A]
20 federal habeas court may not issue the writ simply because that court concludes in its independent
21 judgment that the relevant state-court decision applied clearly established federal law erroneously
22 or incorrectly.  Rather, that application must also be unreasonable."  Williams, 529 U.S. at 411;
23 see also Schriro v. Landrigan, 550 U.S. 465, 473 (2007); Andrade, 538 U.S. at 75 ("It is not
24 enough that a federal habeas court, in its independent review of the legal question, is left with a
25 firm conviction that the state court was erroneous." (Internal citations and quotation marks
26 omitted.)).  "A state court's determination that a claim lacks merit precludes federal habeas relief
27 so long as 'fairminded jurists could disagree' on the correctness of the state court's decision."
28 Harrington v. Richter, 562 U.S. 86, 101 (2011) (quoting Yarborough v. Alvarado, 541 U.S. 652,

664 (2004)). Accordingly, "[a]s a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." Richter, 562 U.S. at 103.

There are two ways a petitioner may satisfy subsection (d)(2). Hibbler v. Benedetti, 693 F.3d 1140, 1146 (9th Cir. 2012). He may show the state court's findings of fact "were not supported by substantial evidence in the state court record" or he may "challenge the fact-finding process itself on the ground it was deficient in some material way." Id. (citing Taylor v. Maddox, 366 F.3d 992, 999-1001 (9th Cir. 2004)); see also Hurles v. Ryan, 752 F.3d 768, 790-91 (9th Cir. 2014) (If a state court makes factual findings without an opportunity for the petitioner to present evidence, the fact-finding process may be deficient and the state court opinion may not be entitled to deference.). Under the "substantial evidence" test, the court asks whether "an appellate panel, applying the normal standards of appellate review," could reasonably conclude that the finding is supported by the record. Hibbler, 693 F.3d at 1146 (9th Cir. 2012).

The second test, whether the state court's fact-finding process is insufficient, requires the federal court to "be satisfied that any appellate court to whom the defect [in the state court's fact-finding process] is pointed out would be unreasonable in holding that the state court's fact-finding process was adequate." Hibbler, 693 F.3d at 1146-47 (quoting Lambert v. Blodgett, 393 F.3d 943, 972 (9th Cir. 2004)). The state court's failure to hold an evidentiary hearing does not automatically render its fact finding process unreasonable. Id. at 1147. Further, a state court may make factual findings without an evidentiary hearing if "the record conclusively establishes a fact or where petitioner's factual allegations are entirely without credibility." Perez v. Rosario, 459 F.3d 943, 951 (9th Cir. 2006) (citing Nunes v. Mueller, 350 F.3d 1045, 1055 (9th Cir. 2003)).

If a petitioner overcomes one of the hurdles posed by section 2254(d), this court reviews the merits of the claim de novo. Delgadillo v. Woodford, 527 F.3d 919, 925 (9th Cir. 2008); see also Frantz v. Hazey, 533 F.3d 724, 735 (9th Cir. 2008) (en banc) ("[I]t is now clear both that we may not grant habeas relief simply because of § 2254(d)(1) error and that, if there is such error, we must decide the habeas petition by considering de novo the constitutional issues raised."). For

the claims upon which petitioner seeks to present evidence, petitioner must meet the standards of 28 U.S.C. § 2254(e)(2) by showing that he has not "failed to develop the factual basis of [the] claim in State court proceedings" and by meeting the federal case law standards for the presentation of evidence in a federal habeas proceeding.  See Cullen v. Pinholster, 563 U.S. 170, 186 (2011).

The court looks to the last reasoned state court decision as the basis for the state court judgment.  Stanley, 633 F.3d at 859; Robinson v. Ignacio, 360 F.3d 1044, 1055 (9th Cir. 2004). "[I]f the last reasoned state court decision adopts or substantially incorporates the reasoning from a previous state court decision, [this court] may consider both decisions to 'fully ascertain the reasoning of the last decision.'"  Edwards v. Lamarque, 475 F.3d 1121, 1126 (9th Cir. 2007) (en banc) (quoting Barker v. Fleming, 423 F.3d 1085, 1093 (9th Cir. 2005)).  "When a federal claim has been presented to a state court and the state court has denied relief, it may be presumed that the state court adjudicated the claim on the merits in the absence of any indication or state-law procedural principles to the contrary."  Richter, 562 U.S. at 99.  This presumption may be overcome by showing "there is reason to think some other explanation for the state court's decision is more likely."  Id. at 99-100 (citing Ylst v. Nunnemaker, 501 U.S. 797, 803 (1991)). Similarly, when a state court decision on a petitioner's claims rejects some claims but does not expressly address a federal claim, a federal habeas court must presume, subject to rebuttal, that the federal claim was adjudicated on the merits.  Johnson v. Williams, 568 U.S. 289, 293 (2013). When it is clear, that a state court has not reached the merits of a petitioner's claim, the deferential standard set forth in 28 U.S.C. § 2254(d) does not apply and a federal habeas court must review the claim de novo.  Stanley, 633 F.3d at 860; Reynoso v. Giurbino, 462 F.3d 1099, 1109 (9th Cir. 2006); Nulph v. Cook, 333 F.3d 1052, 1056 (9th Cir. 2003).

## ANALYSIS

Petitioner alleges his due process rights were violated by the disciplinary conviction for possession of a controlled substance with intent to distribute because there was no evidence that he intended to distribute the drugs.

////

**I. Legal Standards**

Prisoners retain their right to due process subject to the restrictions imposed by the nature of the penal system. See Wolff v. McDonnell, 418 U.S. 539, 556 (1974). Prison disciplinary proceedings are not part of a criminal prosecution and the full panoply of rights due a defendant in such proceedings does not apply. See id. But the Due Process Clause requires certain minimum procedural protections where serious rules violations are alleged, the power of prison officials to impose sanctions is narrowly restricted by state statute or regulations, and the sanctions are severe. See id. at 556–57, 571–72 n.19. Later, the Court limited application of the Wolff standards to prisoners who show that the deprivation of their liberty was "an atypical and significant hardship on the inmate in relation to the ordinary and normal incidents of prison life." Sandin v. O'Connor, 512 U.S. 472, 485 (1995).

Wolff established five constitutionally mandated procedural requirements for disciplinary proceedings. First, "written notice of the charges must be given to the disciplinary-action defendant in order to inform him of the charges and to enable him to marshal the facts and prepare a defense." Wolff, 418 U.S. at 564. Second, "at least a brief period of time after the notice, no less than 24 hours, should be allowed to the inmate to prepare for the appearance before the [disciplinary committee]." Id. Third, "there must be a 'written statement by the factfinders as to the evidence relied on and reasons' for the disciplinary action." Id. (quoting Morrissey v. Brewer, 408 U.S. 471, 489 (1972)). Fourth, "the inmate facing disciplinary proceedings should be allowed to call witnesses and present documentary evidence in his defense when permitting him to do so will not be unduly hazardous to institutional safety or correctional goals." Id. at 566. And fifth, "[w]here an illiterate inmate is involved [or] the complexity of the issue makes it unlikely that the inmate will be able to collect and present the evidence necessary for an adequate comprehension of the case, he should be free to seek the aid of a fellow inmate, or . . . to have adequate substitute aid . . . from the staff or from a[n] . . . inmate designated by the staff." Id. at 570.

Additionally, "some evidence" must support the decision of the hearing officer in a disciplinary proceeding. Superintendent v. Hill, 472 U.S. 445, 455 (1985). The standard is not

particularly stringent and the relevant inquiry is whether "there is any evidence in the record that could support the conclusion reached." Id. at 455–56. However, the evidence must have some indicia of reliability. Cato v. Rushen, 824 F.2d 703, 705 (9th Cir. 1987).

**II. Background Facts**

On November 7, 2017, prison officials conducted a search of petitioner's cell. They found eleven bindles of a substance, later determined to be heroin, and an inmate-manufactured syringe. Each bindle was separately wrapped in clear plastic. (Rules Vio. Rpt. (ECF No. 1 at 24-27).)

Petitioner was charged with a rules violation - possession of a controlled substance with intent to distribute in violation of 15 Cal. Code Regs. § 3016(d). "Distribution" is defined, in relevant part, as "the sale or unlawful dispersing, by an inmate or parolee, of any controlled substance." 15 Cal. Code Regs. § 3000.

On April 10, 2018, a disciplinary hearing was held. Petitioner plead not guilty and stated, "All of it was for personal use, I wasn't selling it." (ECF No. 1 at 56-57.) The hearing officer found petitioner guilty of the charge of distribution. The evidence relied on was: "Inmate RVR. Toxicology Report. Inmate admission of ownership of the CS [controlled substance]. Evidence photo[s]." (Id. at 60.) Petitioner was assessed a 180-day credit loss, among other things. (Id. at 61.)

Petitioner filed a prison appeal of the conviction. (ECF No. 1 at 68-71.) In the second level response to that appeal, the reviewer found that there was evidence to support the distribution conviction. The reviewer noted: "The amount of bindles was significantly more than for personal use, otherwise the packaging would have been less, not individually packaged in a manner that is consistent with distribution." (Id. at 73.)

The reviewer at the third level appeal agreed:

> The examiner also concurs with the SLR [second level review] determination that a preponderance of evidence supports the charge of distribution as the Reporting Employee's written report clearly describes finding a total of eleven individually wrapped clear plastic bindles with a total weight of .6 grams. Although the appellant admitted ownership of the controlled substance at his hearing, the

////

> amount and manner of packaging of the substance is indicative of distribution, not the lesser and included charge of possession.

(Id. at 75.)

### III. Decision of the State Court

The California Court of Appeal and the California Supreme Court both summarily denied petitioner's habeas petitions. (ECF No. 19-6 at 2, 89.) Therefore, the superior's court's opinion is the last reasoned decision of the state court and the one this court considers under 28 U.S.C. § 2254(d). See Ylst, 501 U.S. at 803.

The superior court denied the petition on the following basis:

> The petition concerns prison discipline imposed at Mule Creek State Prison. The Court applies the "some evidence" standard to review disciplinary hearing officers' decisions. (*In re Powell* (1988) 45 Cal.3d 894, 904.) Under this standard, the hearing officer's decision will be upheld as long as there is "some basis in fact" for the decision. (*Powell, supra*, at p. 904.) Ascertaining whether the standard is satisfied does not require examination of the entire record, independent assessment of the credibility of witnesses, or weighing of the evidence. Instead, the relevant question is whether there is *any* evidence in the record that could support the conclusion reached by the [prison officials].[] (*In re Rosenkrantz* (2002) 29 Cal.4th 616, 665, quoting *Superintendent v. Hill* (1985) 472 U.S. 455, 455-456.)
>
> Here, the record shows the senior hearing officer's findings and disciplinary actions are supported by some evidence in the record. The hearing officer made a finding of guilt based on a determination that a preponderance of the evidence submitted at the hearing substantiated the charges to a preponderance threshold. As such, the "some evidence" standard is satisfied. The documentary evidence supporting the claim does not support Petitioner's claims of due process or procedural errors.

(ECF No. 19-4.)

### IV. Was the State Court Decision Contrary to or an Unreasonable Application of Clearly Established Federal Law?

While petitioner's primary claim is that the "some evidence" standard was not met for the disciplinary conviction, he also appears to argue that the 180-day credit loss is invalid because his disciplinary hearing did not occur within thirty days of the charge as required by prison regulations. (See ECF No. 1 at 19-20.) This latter argument is not grounds for habeas relief.

1          As set out above, the due process protections for prison disciplinary proceedings are
2  minimal.  Wolff, 418 U.S. at 564-66.  Those protections do not include the right to have the
3  hearing held within a certain period of time after the prisoner is charged.  See Penton v. Huber,
4  No. 2:11-CV-3319 GEB KJN, 2013 WL 1156501, at *7 (E.D. Cal. Mar. 19, 2013) (violation of
5  prison regulation requiring disciplinary hearing within thirty days does not state a constitutional
6  claim), rep. and reco. adopted, 2013 WL 2403477 (E.D. Cal. May 31, 2013), aff'd 658 F. App'x
7  329 (9th Cir. 2016); Campbell v. Smiley, No. CV S-05-0711 GEB DAD, 2005 WL 2114183, at
8  *3 (E.D. Cal. Sept. 1, 2005) ("Even if plaintiff were able to allege facts establishing a violation of
9  a state regulation [requiring a hearing within 30 days], he has not alleged facts stating a
10 cognizable federal constitutional claim."), rep. and reco. adopted, 2005 WL 2400943 (E.D. Cal.
11 Sept. 28, 2005).
12         With respect to petitioner's challenge to the superior court's holding.  This court first
13 notes that the superior court applied the correct "some evidence" standard under Hill.  The only
14 question, then, is whether the court unreasonably applied that standard.  As explained by the
15 superior court, the some evidence standard is not exacting.  "Ascertaining whether this standard is
16 satisfied does not require examination of the entire record, independent assessment of the
17 credibility of witnesses, or weighing of the evidence.  Instead, the relevant question is whether
18 there is any evidence in the record that could support the conclusion reached by the disciplinary
19 board."  Hill, 472 U.S. at 455-56.
20         Petitioner confessed to possessing eleven, individually-wrapped bindles of heroin.  His
21 contention that there is no evidence to support a finding that he intended to distribute those
22 bindles is based upon his differing opinion as to the proper interpretation of the evidence rather
23 than the total absence of evidence.  Petitioner's confession, the finding of the bindles of drugs,
24 and the report identifying the substance of the bindles as heroin are "some evidence" to support
25 his conviction for distribution.
26         Further, even if a court is tasked with interpreting the evidence to apply the "some
27 evidence" standard, petitioner fails to show it was unreasonable or unlawful to interpret the
28 presence of numerous, individually-wrapped bindles as indicating an intent to distribute the

9

drugs. Petitioner alleges the Amador County District Attorney charged him with only possession and that the charge was eventually dismissed. Those facts are not relevant to the disciplinary determination. A criminal case must be proved beyond a reasonable doubt; the prison disciplinary action need only be proved by a preponderance of the evidence. See Cal. Penal Code § 2932(c)(5). Thus, the fact that a criminal prosecution does not take place has no bearing on whether prison officials may punish an inmate for rules violations. Indeed, Title 15, section 3316(c)(2) of the California Code of Regulations provides, "A decision to not prosecute or a court's dismissal of criminal charges without acquittal shall not prohibit or alter a departmental disciplinary hearing on the rule violation charges."

This court finds the superior court's rejection of petitioner's claim was not contrary to or an unreasonable application of clearly established law under 28 U.S.C. § 2254(d).

**CONCLUSION**

For the foregoing reasons, IT IS HEREBY RECOMMENDED that petitioner's petition for a writ of habeas corpus be denied.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed and served within seven days after service of the objections. The parties are advised that failure to file objections within the specified time may result in waiver of the right to appeal the district court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991). In the objections, the party may address whether a certificate of appealability should issue in the event an appeal of the judgment in this case is filed. See Rule 11, Rules Governing § 2254 Cases (the

////
////
////
////

district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant).

Dated: May 16, 2020

/s/ Deborah Barnes
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:9
DB/prisoner-habeas/oroz2296.fr